IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM DOUGLAS HAMPTON,<br>#26034-44,<br>Petitioner, | )<br>)<br>) | |
| vs. | ) | No. 3:18-CV-1499-S  (BH) |
| | ) | |
| WARDEN UNDERWOOD,<br>Respondent. | )<br>) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED** for lack of jurisdiction in part.

## I.  BACKGROUND

William Douglas Hampton (Petitioner), a prisoner incarcerated in the Federal Correctional Institution in Seagoville, Texas (FCI-Seagoville), challenges his federal conviction and sentence under 28 U.S.C. § 2241. The respondent is FCI-Seagoville Warden Underwood.

Petitioner was convicted of multiple counts of production of child pornography and possession of child pornography, and he was sentenced to a total of 293 months' imprisonment in the Eastern District of Missouri. *See United States v. Hampton*, No. 4:99-CR-456 (E.D. Mo. Sept. 1, 2000). The judgment was affirmed on appeal. *See United States v. Hampton*, 260 F.3d 832 (8th Cir. 2001). He now contends that his sentence was erroneous because his base offense level should not have been increased by enhancements under the United States Sentencing Guidelines.

## II.  ANALYSIS

A writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities'

determination of its duration." *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). A motion to vacate under 28 U.S.C. § 2255 is the appropriate vehicle for challenging the validity of a federal conviction and sentence, including claims of error that occurred at the time of sentencing. *Id.* (citing *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)).

Petitioner's claims regarding the application of sentencing guidelines cannot be the basis for relief under § 2241; they must be raised in a § 2255 motion. *See id.* Section 2255 motions must be filed in the sentencing court. *Pack,* 218 F.3d at 451. Petitioner was sentenced in the Eastern District of Missouri, so this Court does not have jurisdiction to entertain a § 2255 motion or to consider claims of sentencing error in the § 2241 petition. *See id.*; *United States v. Uridales Garcia*, 442 F. App'x 935 (5th Cir. 2011); *see also United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004).[1]

### III. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 21st day of September, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] The petition should not be construed as a 28 U.S.C. § 2255 motion and transferred to the Eastern District of Missouri because a § 2255 motion would be successive, and that court would lack jurisdiction to consider a successive § 2255 motion without authorization from the United States Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) (made applicable to motions to vacate by § 2255).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                        IRMA CARRILLO RAMIREZ
                                                             UNITED STATES MAGISTRATE JUDGE