IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM DOUGLAS HAMPTON,<br>    #26034-44,<br>        Petitioner,<br>vs.<br><br>WARDEN UNDERWOOD,<br>        Respondent. | )<br>)<br>)<br>)  No. 3:18-CV-1499-S (BH)<br>)<br>)  Referred to U.S. Magistrate Judge<br>) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Petition to Set Aside District Court Judgment Pursuant to Rule 59(a)(2)*, received on October 31, 2018 (doc. 17). Based on the relevant filings and applicable law, the motion should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) and **GRANTED**, the judgment dismissing this case should be **VACATED**, and the petitioner should be given an opportunity to file his objections.

**I.  BACKGROUND**

William Douglas Hampton (Petitioner) filed a 28 U.S.C. § 2241 habeas petition that was received on June 11, 2015. (*See* doc. 3). On September 21, 2018, it was recommended that the petition be dismissed for lack of jurisdiction. (*See* doc. 11). No objections were filed, and the Court accepted the recommendation and dismissed the petition on October 15, 2018. (*See* docs. 12, 13).

Petitioner now asserts that he never received the recommendation. He asks that the judgment be vacated and that he be provided the opportunity to object to the recommendation.

**II.  FED. R. CIV. P. 59(e)**

Petitioner's motion challenges the judgment in this case and was filed within 28 days of its entry, so it is properly construed as arising under Rule 59(e) of the Federal Rules of Civil

Procedure.[1]  *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").[2]

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.  *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly."  *Id.* at 479, 483.  When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner's claim that he did not received the recommendation of dismissal does not implicate either (1) an intervening change in law or (2) the availability of new evidence.  His motion, which was filed his motion within ten days of the date of judgment, merely seeks a copy of the recommendation and an opportunity to file objections.  Petitioner's failure to timely file objections

---

[1] Although Petitioner specifically cites Rule 59(a) of the Federal Rules of Civil Procedure, that rule addresses motions for a new trial after a jury or non-jury trial, and it does not apply where there has not been a trial.  *See Hernandez v. Siemens Corp.*, 726 F. App'x 267, 269 (5th Cir. 2018).

[2] A motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, qualifies as a second or successive habeas petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *Williams*, 602 F.3d at 303 & n. 10. Because Petitioner's motion does not attack the resolution of his claims on the merits, but only an alleged defect in the integrity of the federal habeas proceedings, it does not raise a second or successive claim.  *See id.*

because he did not receive the recommendation, and not because he had no objections, implicates a manifest error of fact that warrants consideration of the need to render a decision on the basis of all the facts.

### III.  RECOMMENDATION

Petitioner's motion should be liberally construed as motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) and granted, the judgment dismissing the case should be vacated, and Petitioner should be given an opportunity to file objections to the recommendation of dismissal.

**The Clerk of Court shall send Petitioner a copy of the Findings, Conclusions, and Recommendation (doc. 11).** [3]

**SIGNED this 5th day of November, 2018.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] If Petitioner objects to the any part of the findings, conclusions and recommendation dated September 21, 2018 (doc. 11), he must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                         UNITED STATES MAGISTRATE JUDGE