IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM DOUGLAS HAMPTON, #26034-44, Petitioner, | ) ) ) |
| vs. | ) No. 3:18-CV-1499-S-BH ) |
| WARDEN UNDERWOOD, Respondent. | ) ) ) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court is the *Petition for Temporary Injunction Grant,* received December 31, 2018 (doc. 21). Based on the relevant findings and applicable law, the motion for injunctive relief should be **DENIED**.

**I. BACKGROUND**

On September 21, 2018, it was recommended that the petitioner's habeas petition under 28 U.S.C. § 2241 be dismissed for lack of jurisdiction, the recommendation was accepted on October 15, 2018, and the petition was dismissed on that date. (*See* docs. 11- 13.) After the petitioner contended that he did not receive a copy of the recommendation, it was recommended that the judgment be vacated, and that he be given an opportunity to file objections to the recommendation. (*See* docs. 14, 15.) A copy of the recommendation was sent to him, and he was directed to file any objections within 14 days. (*See* doc. 15.) He received a copy of the recommendation on November 14, 2008. (*See* doc. 16 at 3.) The petitioner was granted an extension until December 14, 2018, to file objections. (*See* 16, 17.)

The petitioner submitted "abbreviated objections", received on December 14, 2018, and he claimed that he would need an extension of time to supplement his objections. (*See* doc. 18.) He

was granted an extension until January 14, 2019, to file supplemental objections. (*See* doc. 20.) He was instructed that no further extensions would be granted and that if his supplemental objections are not received by that date, the Court would proceed to consider only the objections that were received on December 14, 2018. (*See id.*)

## II. INJUNCTIVE RELIEF

The petitioner now contends that he is in the special housing unit and has been repeatedly denied access to the law library, except for a two-hour visit to the library on December 7, 2018, to do legal research for multiple cases. He claims that he is being denied his constitutional right to perform legal research to counter opposing petitions and motions, although no motions are pending in this case, and he does not appear to have any other cases in this district. He asserts that he previously sought an extension of time because of the denial of access to the law library, and that the extension of time was not enough. He seeks injunctive relief in the form of access to law library reference materials, a law library computer, a typewriter, printer, photocopier, and stored legal documents. (*See* doc. 21.)

A preliminary injunction can be issued only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

The petitioner has not shown that he has given notice to the defendants of his request for injunctive relief. Neither has he satisfied the requirements for a TRO under Rule 65(b) by submitting an affidavit or verified complaint which clearly shows an immediate, irreparable injury, loss, or damage that will result before the respondent can be heard in opposition, and by providing a written certification of the efforts made to give notice or proffering reasons why notice should not be required. His motion is subject to denial for this reason alone.

In addition, the petitioner must satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

In the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting

*Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances", the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

Here, the petitioner has neither alleged nor shown either a substantial likelihood that he will prevail on the merits or that there is a substantial threat of irreparable injury if an injunctive relief is not granted.  First, the Court has already found that it lacks jurisdiction over this § 2241 habeas case. (*See* docs. 11, 12.)  Second, as noted, the petitioner seeks relief related to cases other than this case, in which there are no pending motions.  Finally, the petitioner appears to seek non-habeas civil relief against a warden, and his claims arise under 42 U.S.C. § 1983.  Courts may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the Constitution or federal laws.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973).  To the extent that the petitioner is trying to raise any other types of non-habeas claims or seek relief other than from his conviction and sentence by his assertion of a denial of his constitutional right to perform legal research, those claims must be raised in a separate civil action.  He has not shown a basis for injunctive relief in this habeas case.

### III.  RECOMMENDATION

The motion for injunctive relief (doc. 21) should be **DENIED**.

**SIGNED on this 8th day of January, 2019**.

                                                 IRMA CARRILLO RAMIREZ
                                                 UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE