**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM DOUGLAS HAMPTON,** | | |
| **#26034-44,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:18-CV-1499-S  (BH)** |
| | ) | |
| **WARDEN UNDERWOOD,** | ) | **Referred to U.S. Magistrate Judge** |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Petition to Inform and Thank and Seek Time Extension*, received on March 5, 2019 (doc. 31). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On September 21, 2018, it was recommended that the petitioner's habeas petition under 28 U.S.C. § 2241 be dismissed for lack of jurisdiction, the recommendation was accepted, and the petition was dismissed on October 15, 2018. (*See* docs. 11-13.) On October 25, 2018, the petitioner moved to set aside the judgment on grounds that he did not receive a copy of the recommendation. (*See* doc. 14.) On November 5, 2018, it was recommended that the judgment be vacated, and that he be given an opportunity to file objections to the recommendation. (*See* doc. 15.) A copy of the recommendation for dismissal was sent to him, and he was directed to file his objections within 14 days of being served with the recommendation. (*See id.*) Petitioner received a copy of the recommendation for dismissal on November 14, 2008, and he was granted an extension of time until December 14, 2018, to file his objections. (*See* docs. 16, 17.)

The petitioner submitted an  "abbreviated response" that was received on December 14,

2018, and he sought an extension of time to supplement his objections with additional facts. (*See* docs. 18, 19.) By order dated December 21, 2018, he was granted an extension until January 14, 2019, to file supplemental objections. (*See* doc. 20.) The order specifically provided that no further extensions would be granted, and that if his supplemental objections were not received by that date, only the objections on file would be considered. (*See id*.)

The petitioner then filed a *Petition for Temporary Injunction Grant*, received on December 31, 2018. (*See* doc. 21.) He sought injunctive relief in the form of access to law library reference materials, a law library computer, a typewriter, printer, photocopier, and stored legal documents. On January 8, 2019, it was recommended that the motion for injunctive relief be denied. (*See* doc. 22.) Petitioner filed objections to that recommendation to deny injunctive relief, received on January 22, 2019. (*See* doc. 24.) His objections did not include any additional objections to the original recommendation to dismiss the habeas petition.

On January 23, 2019, the motion to set aside the judgment was granted, and the judgment was vacated to allow for consideration of the petitioner's objections to the recommended dismissal of his petition. (*See* doc. 25.)

On February 6, 2019, the recommendation to deny injunctive relief and the original recommendation to dismiss the petition for lack of jurisdiction were accepted, the petition was dismissed for lack of jurisdiction, and judgment was entered. (*See* docs. 26-28.)

## II.  MOTION FOR EXTENSION OF TIME

The petitioner seeks an extension of time until April 2, 2019, to file objections to the original recommendation to dismiss the petition. A judgment dismissing the petition has already been entered. Moreover, it was entered after the petitioner's "abbreviated response," which he filed after

receiving two extensions of time, had been considered, and after the time for filing any supplemental objections had expired.  The motion for an extension of time should be denied.

## II.  FED. R. CIV. P. 59(e)

To the extent that the petitioner's motion may be liberally construed as a motion challenging the judgment under Rule 59(e) of the Federal Rules of Civil Procedure,[1] it should be denied.

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact.  *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly."  *Id.* at 479, 483.  When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."  *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, the petitioner has not alleged or shown an intervening change in controlling law, the availability of new evidence not previously available, or a manifest error of law or fact.  He has not shown that he is entitled to relief under Rule 59(e).

---

[1]  "When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010).

### III.  RECOMMENDATION

The petitioner's motion for an extension of time to file objections, and any motion to alter

or amend the judgment under Fed. R. Civ. P. 59(e), should be **DENIED**.

**SIGNED this 8th day of March, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in
the manner provided by law.  Any party who objects to any part of these findings, conclusions and
recommendation must file specific written objections within 14 days after being served with a copy.
*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify
the specific finding or recommendation to which objection is made, state the basis for the objection,
and specify the place in the magistrate judge's findings, conclusions and recommendation where the
disputed determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate
judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See
Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4