**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WILLIAM DOUGLAS HAMPTON,** | ) | |
| **#26034-44,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:18-CV-1499-S  (BH)** |
| | ) | |
| **WARDEN UNDERWOOD,** | ) | **Referred to U.S. Magistrate Judge** |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Petition to Set Aside District Court Decision Pursuant to F.R.Ci. P. Rule 59e*, received on March 8, 2019 (doc. 32). Based on the relevant filings and applicable law, the motion should be construed as a motion under Fed. R. Civ. P. 60(b) and **DENIED**.

### I. BACKGROUND

On September 21, 2018, it was recommended that the petitioner's habeas petition under 28 U.S.C. § 2241 be dismissed for lack of jurisdiction, the recommendation was accepted, and the petition was dismissed on October 15, 2018. (*See* docs. 11-13.) On October 25, 2018, the petitioner moved to set aside the judgment on grounds that he did not receive a copy of the recommendation. (*See* doc. 14.) On November 5, 2018, it was recommended that the judgment be vacated, and that he be given an opportunity to file objections to the recommendation. (*See* doc. 15.) A copy of the recommendation for dismissal was sent to him, and he was directed to file his objections within 14 days of being served with the recommendation. (*See id.*) Petitioner received a copy of the recommendation for dismissal on November 14, 2008, and he was granted an extension of time until December 14, 2018, to file his objections. (*See* docs. 16, 17.)

The petitioner submitted an "abbreviated response" that was received on December 14, 2018, and he sought an extension of time to supplement his objections with additional facts. (*See* docs. 18, 19.) By order dated December 21, 2018, he was granted an extension until January 14, 2019, to file supplemental objections. (*See* doc. 20.) The order specifically provided that no further extensions would be granted, and that if his supplemental objections were not received by that date, only the objections on file would be considered. (*See id*.)

The petitioner then filed a *Petition for Temporary Injunction Grant*, received on December 31, 2018. (*See* doc. 21.) He sought injunctive relief in the form of access to law library reference materials, a law library computer, a typewriter, printer, photocopier, and stored legal documents. On January 8, 2019, it was recommended that the motion for injunctive relief be denied. (*See* doc. 22.) Petitioner filed objections to that recommendation to deny injunctive relief, which were received on January 22, 2019. (*See* doc. 24.) His objections did not include any additional objections to the original recommendation to dismiss the habeas petition.

On January 23, 2019, the motion to set aside the judgment was granted, and the judgment was vacated to allow for consideration of the petitioner's objections to the recommended dismissal of his petition. (*See* doc. 25.) On February 6, 2019, the recommendation to deny injunctive relief and the original recommendation to dismiss the petition for lack of jurisdiction were accepted, the petition was dismissed for lack of jurisdiction, and judgment was entered. (*See* docs. 26-28.) On March 5, 2019, Petitioner's request for an extension of time to file objections to the original recommendation to dismiss the petition was received, and it was recommended that the motion be construed as a arising under Fed. R. Civ. P. 59(e) and denied. (*See* doc. 33.) The recommendation was accepted by order dated April 3, 2019. (*See* doc. 35.)

2

Petitioner now expressly seeks relief under Rule 59(e). He contends that he did not receive the January 23, 2019 order (doc. 25), until February 25, 2019. He also contends that he received the February 6, 2019 orders (docs. 26, 27) on February 28, 2019. According to the docket, the January 23, 2019 order (doc. 25) was returned as undeliverable on February 21, 2019. (*See* doc. 30.) On February 21, 2019, that order and the February 6, 2019 orders were all re-mailed to him at the new address he included in his notice of appeal, which was filed on February 12, 2019.

## II. FED. R. CIV. P. 60(b)

"When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010). Because the petitioner's motion was mailed outside of Rule 59(e)'s limit, it is properly construed as a motion under Fed. R. Civ. P. 60(b).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Rule 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered of relief is sought under subsections (1), (2), and (3). *See* Rule 60(c)(1).

Here, the petitioner has not alleged or shown mistake, newly discovered evidence, fraud, or a void or satisfied judgment that would entitle him to relief under Rule 60(b)(1)-(5). His motion

3

may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6).  *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).  This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'"  *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)).  Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth factors to consider when evaluating a motion under this clause: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

The petitioner's "abbreviated response," which he filed after receiving two extensions of time, was considered, and he did not file any supplemental objections to the original recommendation even though he was granted an extension of time to do so.  He was afforded a fair opportunity to present his claims, and they were dismissed for lack of jurisdiction.  He has not shown a basis for relief under Rule 60(b).

## III.  RECOMMENDATION

The petitioner's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) should

be construed as arising under Fed. R. Civ. P. 60(b) and **DENIED**.

     **SIGNED this 4th day of April, 2019.**

                     IRMA CARRILLO RAMIREZ
                     UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

     A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                     IRMA CARRILLO RAMIREZ
                     UNITED STATES MAGISTRATE JUDGE