IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM DOUGLAS HAMPTON,  )<br>        #26034-44,            )<br>            Petitioner,       )<br>vs.                              )    No. 3:18-CV-1499-S  (BH)<br>                                 )<br>WARDEN UNDERWOOD,   )    Referred to U.S. Magistrate Judge<br>            Respondent.       ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Petition to Supplement Petitioner's Original Rebuttal Submission to the Magistrate's Findings, Conclusions, and Recommendation*, received on April 9, 2019 (doc. 37). Based on the relevant filings and applicable law, the motion should be construed as a motion under Fed. R. Civ. P. 60(b) and **DENIED**.

### I. BACKGROUND

On September 21, 2018, it was recommended that the petitioner's habeas petition under 28 U.S.C. § 2241 be dismissed for lack of jurisdiction; the recommendation was accepted and the petition was dismissed on October 15, 2018. (*See* docs. 11-13.) On October 25, 2018, the petitioner moved to set aside the judgment on grounds that he did not receive a copy of the recommendation. (*See* doc. 14.) On November 5, 2018, it was recommended that the judgment be vacated, and that he be given an opportunity to file objections to the recommendation. (*See* doc. 15.) A copy of the recommendation for dismissal was sent to him, and he was directed to file his objections within 14 days of being served with the recommendation. (*See id.*) The petitioner received a copy of the recommendation for dismissal on November 14, 2008, and he was granted an extension of time until December 14, 2018, to file his objections. (*See* docs. 16, 17.)

The petitioner submitted an "abbreviated response" that was received on December 14, 2018, and he sought an extension of time to supplement his objections with additional facts. (*See* docs. 18, 19.) By order dated December 21, 2018, he was granted an extension until January 14, 2019, to file supplemental objections. (*See* doc. 20.) The order specifically provided that no further extensions would be granted, and that if his supplemental objections were not received by that date, only the objections on file would be considered. (*See id.*)

The petitioner then filed a *Petition for Temporary Injunction Grant*, received on December 31, 2018. (*See* doc. 21.) It sought injunctive relief in the form of access to law library reference materials, a law library computer, a typewriter, printer, photocopier, and stored legal documents. On January 8, 2019, it was recommended that the motion for injunctive relief be denied. (*See* doc. 22.) Petitioner filed objections to the recommendation that injunctive relief be denied, which were received on January 22, 2019. (*See* doc. 24.) His objections did not include any additional objections to the original recommendation to dismiss the habeas petition.

On January 23, 2019, the recommendation to grant the motion to set aside the judgment was accepted, and the judgment was vacated to allow for consideration of the petitioner's objections to the recommended dismissal of his petition. (*See* doc. 25.) On February 6, 2019, both the recommendation to deny injunctive relief and the original recommendation to dismiss the petition for lack of jurisdiction were accepted, the petition was again dismissed for lack of jurisdiction, and judgment was entered. (*See* docs. 26-28.) On March 5, 2019, the petitioner's request for an extension of time to file objections to the original recommendation to dismiss the petition was received, and on March 8, 2019, it was recommended that the motion be construed as a arising under Fed. R. Civ. P. 59(e) and denied. (*See* docs. 31, 33.)

Also on March 8, 2019, the petitioner's *Petition to Set Aside District Court Decision Pursuant to F.R.Ci. P. Rule 59e* was received. (*See* doc. 32.) The recommendation that the prior request for an extension of time be construed as a motion under Fed. R. Civ. P. 59(e) and denied was accepted by order dated April 3, 2019. (*See* doc. 35.) On April 4, 2019, it was recommended that the Rule 59(e) petition be construed as a motion under Fed. R. Civ. P. 60(b) and denied. (*See* doc. 36.) The petitioner now seeks to supplement his Rule 59(e) motion. (*See* doc. 37.) He reasserts his argument that his claims were properly brought under § 2241 and claims that he has been denied his right to refuse to have a magistrate judge decide his case. (*See id.*)

## II.  FED. R. CIV. P. 60(b)

"When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010). Because the petitioner's motion was mailed outside of Rule 59(e)'s limit, it is properly construed as a motion under Fed. R. Civ. P. 60(b).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Rule 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered of relief is sought under subsections (1), (2), and (3). *See* Rule 60(c)(1).

Here, the petitioner has not alleged or shown mistake, newly discovered evidence, fraud, or a void or satisfied judgment that would entitle him to relief under Rule 60(b)(1)-(5). His motion may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.

In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth factors to consider when evaluating a motion under this clause: (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

The original recommendation to dismiss the petition for lack of jurisdiction noted that a § 2241 petition for writ of habeas corpus is the appropriate vehicle to attack the manner in which a sentence is carried out, and that a § 2255 motion is the appropriate vehicle to challenge the validity of a federal conviction and sentence, including sentencing errors. (*See* doc. 11 at 1-2 (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). It found that Petitioner's claims challenging the

application of the sentencing guidelines could not be the basis for relief under § 2241, and that they must be raised in a § 2255 motion in the sentencing court. (doc. 11 at 2.)

Petitioner argues that § 2241 does not state that a petition under that statute may only challenge the execution of a sentence, and that his claims regarding the sentencing guidelines were appropriately raised in his § 2241 petition. (doc. 37 at 2-3.) First, the decision of the Fifth Circuit Court of Appeals in *Pack v. Yusuff* is binding on this Court. Second, § 2255(e) provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." A motion under § 2255 is the primary method of collaterally attacking a federal sentence, and a habeas petition under § 2241 is not a substitute for a § 2255 motion.[1] *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

As for the petitioner's claim that he was not afforded an opportunity to refuse referral of the case to a United States Magistrate Judge, a district judge is statutorily authorized to designate a magistrate judge to determine pretrial matters and to conduct hearings and submit findings of fact and recommendation on dispositive matters by 28 U.S.C. § 636(b)(a). Under that express authority, the Northern District of Texas has implemented *Special Order 3-251*, which provides for automatic

---

[1] Petitioner does not assert that his claim falls under the savings clause exception of § 2255(e) that permits certain claims to be brought under § 2241. To show that a § 2255 motion is either ineffective or inadequate to test the legality of his detention, a petitioner must demonstrate that: (1) his claim is based on a Supreme Court decision that is retroactively applicable on collateral review and that establishes that he may have been convicted of a nonexistent offense, and (2) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in a prior § 2255 petition. *Reyes–Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Challenges to the validity of sentencing enhancements do not satisfy the savings clause. *Kelley v. Castaneda*, 711 F. App'x 243, 243-44 (5th Cir. 2018).

referral of certain cases and matters to magistrate judges. This habeas case falls under the automatic referral provisions of *Special Order 3-251* for full case management, including determination of non-dispositive motions and issuance of findings, conclusions, and recommendations on dispositive motions. Because the district court has retained the ultimate decision-making authority for this case, the petitioner's consent to this procedure is not required. *See Nixon v. GMAC Mortg. Corp.,* 408 F. App'x 833, 834 (5th Cir. 2011); *Valenzuela v. Director*, No. 6:13cv553, 2013 WL 4418535 at *1 (E.D. Tex. Aug. 13, 2013) (citing *Lineberry v. United States*, 436 F. App'x 293, 295 (5th Cir. 2010). In addition, both § 636(b) and Fed. R. Civ. P. 72 set forth the procedures for parties to object to magistrate judges' pretrial orders and findings and recommendations.

In conclusion, the petitioner has not shown a basis for relief under Rule 60(b).

### III.  RECOMMENDATION

The petitioner's *Petition to Supplement Petitioner's Original Rebuttal Submission to the Magistrate's Findings, Conclusions, and Recommendation* should be construed as a motion under Fed. R. Civ. P. 60(b) and **DENIED**.

**SIGNED this 26th day of April, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE